```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JS IP, LLC,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               15-CV-1174(JS)(ARL)
GREAT NECK PAVILION ASSOCIATES LLC
and FANOUS RESTAURANT CORP.,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Lauren Alana Isaacoff, Esq.
                    Stuart P. Slotnick, Esq.
                    Buchanan Ingersoll & Rooney, P.C.
                    1290 Avenue of the Americas, 30th Floor
                    New York, NY 10104

For Defendants:     No appearance
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiff's motion for a default judgment and permanently enjoin Defendants from further infringing on Plaintiff's trademark rights pursuant to the Lanham Act. (Docket Entry 22.) For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

Plaintiff commenced this action on March 6, 2015 asserting the following claims: (1) false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C.

§ 1125(a); (2) trademark dilution in violation of the Lanham Act; (3) trademark dilution in violation of New York General Business Law Section 360-1; (4) unlawful deceptive acts or practices in violation of New York General Business Law Section 349; (5) unfair competition in violation of New York common law; and (6) unlawful use of name or address in violation of New York General Business Law Section 133. (Compl., Docket Entry 1.) Plaintiff is the owner of the trademark "Fontainebleau" (the "Fontainebleau Mark"), which has been used "in connection with bar and restaurant services and related goods and services since at least as early as 1953." (Compl. ¶¶ 8-9.) Plaintiff alleges that Defendants have infringed on the Fontainebleau Mark by owning and operating a bar, lounge, and restaurant called the "Fountain Blue Hookah Lounge," which opened in or about May 2014. (Compl. ¶¶ 30-31.)

On August 21, 2015, Plaintiff moved for the entry of a default judgment against Defendants. (Docket Entry 20.) Plaintiff withdrew its claim for monetary damages for the purposes of its motion and seeks the entry of a permanent injunction against Defendants. (Pl.'s Br., Docket Entry 20-1, at 1, n.1.) On September 14, 2015, the undersigned referred Plaintiff's motion to Judge Lindsay for an R&R on whether the motion should be granted. (Docket Entry 21.)

On January 20, 2016, Judge Lindsay issued her R&R. (Docket Entry 22.) The R&R recommends that the Court grant

2

Plaintiff's motion for a default judgment and that Defendants be permanently enjoined from: (1) using Plaintiff's Fontainebleau Mark, "or any mark trade name or source identifier that is confusingly similar to the Fontainebleau Mark including Fountain Blue and Fountain Blue Hookah Lounge"; and (2) "selling, advertising or promoting goods that infringe the Fontainebleau mark."  (R&R at 1, 9-10.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record."  Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R.  The time for filing objections has expired, and no party has objected.  Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Lindsay's R&R (Docket Entry 22) is ADOPTED in its entirety and Plaintiff's motion is GRANTED. Defendants are hereby ENJOINED from: (a) using Plaintiff's Fontainebleau Mark or any mark trade name or source identifier that is confusingly similar to the Fontainebleau Mark, including without limitation Fountain Blue and Fountain Blue Hookah Lounge; and (b) selling, advertising, or promoting goods that infringe on the Fontainebleau Mark.

Plaintiff is directed to serve a copy of this Memorandum & Order on Defendants and file proof of service. The Clerk of the Court is directed to enter judgment in favor Plaintiff and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  4 , 2016
       Central Islip, New York